UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VISTA CLINICAL DIAGNOSTICS, LLC
and DAVIAN SANTANA,

    Plaintiffs,

v.                                    Case No: 6:17-cv-1491-Orl-41TBS

PETAR MARKOVIC and JAVIER DEL
HOYO,

    Defendants.
_____

## ORDER

This case comes before the Court without a hearing on Plaintiffs' Verified Motion to Compel Defendant, Javier Del Hoyo's Attendance at Deposition and Request for Sanctions (Doc. 59). Defendants have not file a response to the motion and the time within to do so has expired. When a party fails to respond, that is an indication that the motion is unopposed. Foster v. The Coca-Cola Co., No. 6:14-cv-2102-Orl-40TBS, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015); Jones v. Bank of Am., N.A., 564 Fed. Appx. 432, 434 (11th Cir. 2014)[1] (citing Kramer v. Gwinnett Cty., Ga., 306 F.Supp.2d 1219, 1221 (N.D. Ga. 2004); Daisy, Inc. v. Polio Operations, Inc., No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed); Brown v. Platinum Wrench Auto Repair, Inc., No. 8:10-cv-2168-T-33TGW, 2012 WL 333803, at *1 (M.D. Fla. Feb. 1, 2012) (after

---

[1] "Unpublished opinions are not considered binding precedent, but may be cited as persuasive authority." CTA11 Rule 36-2.

party failed to respond, court treated motion for summary judgment as unopposed). The Court proceeds on the basis that this motion is unopposed.

On January 16, 2018, Plaintiffs noticed the deposition of Defendant Javier Del Hoyo to be taken on February 9, 2018 in the Bronx, New York where he resides (Id., at 1). The deposition was coordinated and agreed to in advance with Defendant's attorney (Id.). On February 7, 2018, Defendants filed their Notice of Stipulation to Judgment in which they unilaterally consented to all of the relief except attorney's fees and costs that is sought in Counts I and II of Plaintiffs' complaint (Doc. 52, ¶¶ 7-10). Defendants stated that they were taking this action because they had "come to the conclusion that it is not in the best interest of any of the parties to continue to contest this matter." (Id., ¶ 6).

Two minutes after filing the stipulation, Defendants filed their Emergency Motion for Protective Order, in which they argued that in view of the stipulation, there was no longer any need for their depositions and that the only purpose Plaintiffs could have in taking their depositions was to harass them and explore possible new causes of action (Doc. 53, ¶¶ 3, 7-8). The Court denied Defendants' motion for protective order because it did not comply with Local Rule 3.01(g) and because it did not present a true emergency (Doc. 55). After receiving the Court's Order, Defendants re-filed their motion for protective order with counsel's certificate that Plaintiffs opposed the motion (Doc. 56). Counsel for Plaintiffs responded that the alleged Local Rule 3.01(g) conference was insufficient because it consisted of a 30 second telephone conversation while Plaintiffs' counsel was taking a different deposition in New York (Doc. 57, ¶ 2). Plaintiffs also asserted that there was no settlement (Id., ¶ 4). On February 8, 2018, the Court denied the motion for protective order (Doc. 58).

Approximately 39 minutes before Mr. Del Hoyo's deposition was scheduled to begin, his attorney, Mr. Dillon, phoned Plaintiffs' counsel and stated

> … that he "had been advised" that Mr. Del Hoyo had the flu and would not be appearing at all for deposition. Mr. Dillon also added that Mr. Del Hoyo has a son with cancer. When questioned further as to whether Mr. Dillon had actually spoken to Mr. Del Hoyo, Mr. Dillon advised Ms. Crider that this information had been related to him by Howard A. Ross. For this Court's information, Mr. Howard Ross is a fact witness in this case, who admitted (under oath on February 7, 2018) to have been practicing law without a license in the State of New York since his suspension from the New York Bar in 2013.

(Doc. 59 at 2-3).

All counsel appeared for Mr. Del Hoyo's deposition at which time Mr. Dillon reiterated that his client would not be appearing because he had the flu (Id., at 3). However, Mr. Dillon was unable to produce any medical evidence of his client's condition, or explain why his client was unable to give more than 39 minutes notice of his illness (Id.). At 2:42 p.m. on February 9, 2018, Plaintiffs hired a private investigator to observe Mr. Del Hoyo's movements (Doc. 60, ¶ 3). The investigator arrived at Mr. Del Hoyo's residence at 4:06 p.m. where he observed and photographed Mr. Del Hoyo smoking a cigarette and walking in a normal manner (Id., ¶ 6).

Based upon this record the Court finds that Mr. Del Hoyo is a party to this action. His deposition was properly scheduled and noticed to occur on February 9, 2018 in the Bronx, New York, where he resides, and nothing prevented Mr. Del Hoyo from appearing for his deposition. The Court also finds that the information communicated to Plaintiffs' counsel, that Mr. Del Hoyo was too ill to be deposed, was a lie. Accordingly, Plaintiffs' motion to compel and for sanctions is **GRANTED**. Pursuant to FED. R. CIV. P. 37:

(1) Mr. Del Hoyo shall appear and sit for his deposition within the next 30 days at a date, time, and location selected by counsel for Plaintiffs; and

(2) all costs of the attempted deposition on February 9, 2018, including Plaintiffs' reasonable attorney's fees, court reporter fees, videographer fees, rental for the space in which to take the deposition, transportation and lodging costs for Plaintiff's counsel to attempt to depose Mr. Del Hoyo on February 9, 2018 are taxed against Mr. Del Hoyo. Plaintiffs shall file their application for fees and costs within 14 days from the rendition of this Order unless the Court is sooner advised that the parties have resolved this matter between themselves. Mr. Del Hoyo will have 14 days to respond to Plaintiffs' application for fees and costs.

**DONE** and **ORDERED** in Orlando, Florida on February 26, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record