UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VISTA CLINICAL DIAGNOSTICS, LLC
and DAVIAN SANTANA,

    Plaintiffs,

v.        Case No:  6:17-cv-1491-Orl-41TBS

PETAR MARKOVIC and JAVIER DEL
HOYO,

    Defendants.

## ORDER

Pending before the Court is Plaintiff's Motion and Application for Attorney's Fees, arising out of the unexcused failure of Defendant Javier Del Hoyo to attend his scheduled deposition (Doc. 72). The motion is opposed by Defendants (Doc. 77). After due consideration, the motion is **GRANTED in part** and otherwise **DENIED.**

On February 26, 2018, the Court granted Plaintiffs' motion to compel and for sanctions, regarding Defendant Del Hoyo's non-appearance (Docs. 59, 62).[1] As set forth in that Order, under FED. R. CIV. P. 37:

> all costs of the attempted deposition on February 9, 2018, including Plaintiffs' reasonable attorney's fees, court reporter fees, videographer fees, rental for the space in which to take the deposition, transportation and lodging costs for Plaintiff's counsel to attempt to depose Mr. Del Hoyo on February 9, 2018 are taxed against Mr. Del Hoyo.

(Doc. 62 at 4). Defendants moved for reconsideration of that Order (Doc. 63), which the Court denied, finding: "Nothing in Defendants' presentation persuades the Court to

---

[1] The circumstances of the non-appearance are set forth fully in other filings and need not be repeated here.

change its original conclusion compelling Mr. Del Hoyo, Sr. to sit for his deposition, and taxing fees and costs related to the aborted deposition against him." (Doc. 69 at 5). This motion followed.

Having established entitlement to an award, Plaintiffs now seek to tax $9,675.00 in attorney's fees and $7,833.69 in costs, for a total sanction of $17,508.69. Defendants claim this amount is excessive. The Court agrees, in part, with Defendants.

Reasonable Attorneys' Fees

The Court employs the customary lodestar approach in calculating a reasonable fee for the services of Plaintiffs' attorneys. Hensley v. Eckerhart, 461 U.S. 424 (1983); Norman v. Hous. Auth. of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988); FTC v. Life Mngm't Servs., Case No. 6:16-cv-982-Orl-41TBS, 2016 WL 7013517, at *2 (M.D. Fla. Oct. 14, 2016). "[T]he starting point in any determination for an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonable hourly rate." Norman, 836 F.2d at 1299. "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Henns v. Mony Life Ins. Co. of Am., Case No. 5:11-cv-55-Oc-37TBS, 2012 WL 1599871, at *3 (M.D. Fla. April 13, 2012), quoting Hensley, 461 U.S. at 437.

"[T]he lodestar as calculated in Hensley presumptively includes all of the twelve factors derived from the ABA Code of Professional Responsibility DR 2–106 (1980), and adopted in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), except on rare occasions the factor of results obtained and, perhaps, enhancement for contingency." Norman, 836 F.2d at 1299. The Johnson factors are (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to

acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-19 (abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989)).

The amount of time billed is viewed as "the most useful starting point for determining the amount of a reasonable fee." Hensley, 461 U.S. at 433. The applicant should present records detailing the work performed. Once the party seeking fees produces adequate billing records, the opponent "has the burden of pointing out with specificity which hours should be deducted." Rynd v. Nationwide Mutual Fire Ins. Co., No. 8:09-cv-1556-T-27TGW, 2012 WL 939387, at * 3 (M.D. Fla. Jan. 25, 2012) (quoting Centex-Rooney Const. Co., Inc. v. Martin Cnty, 725 So. 2d 1255, 1259 (Fla. 4th DCA 1999)); Norman, 836 F. 2d at 1301. A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299 (citations omitted). "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting Hensley, 461 U.S. at 436).

Plaintiffs seek $9,675.00 in attorneys' fees, comprised of 18.95 hours at the rate of $300 per hour for senior associate Cynthia G. Crider and 11.4 hours at the rate of $350 per hour for partner Aileen R. Mazanetz. Plaintiffs have not tendered actual billing records, relying instead on the Declaration of Cynthia G. Crider (Doc. 72-1) and a Disinterested

Attorney Affidavit of Reasonableness of Fees and Costs, executed by Gary Salzman, Esquire (Doc. 72-3). According to Ms. Crider's declaration, she was the attorney with primary responsibility for handling this matter. She categorizes the work performed:

> <u>Deposition Preparation</u>: Preparation of questions for Javier del Hoyo; discussions with client; legal research.
>
> <u>Deposition Attendance</u>: Attendance at Deposition location for Javier del Hoyo.
>
> <u>Plaintiffs' Motion to Compel Attendance at Deposition and Request for Sanctions</u>: Preparation of motion to compel and request for sanctions: legal research; memo of points and authorities; analysis of deposition transcript.
>
> <u>Plaintiffs' Motion and Application for Attorney Fees</u>: Preparation of motion and application for attorney fees; legal research; memo of points and authorities; declarations in support thereof; discussion with fee expert.
>
> <u>Miscellaneous: Administrative</u>; discussion with opposing counsel prior to filing motion to compel; discussion with private investigator, client and other attorneys of law firm; review of court docket.

Plaintiffs argue that the hours billed are reasonable as counsel flew to New York to take the scheduled deposition after significant preparation time and were "forced to immediately act upon Mr. del Hoyo's failure to appear at deposition including, but not limited to: conducting legal research, preparing a verified motion to compel, meeting and conferring with Mr. del Hoyo's counsel prior to filing this motion to compel and hiring a private investigator to determine Mr. del Hoyo's whereabouts on February 9, 2018." Defendants argue these fees are excessive. They contend that Plaintiffs should not recover fees for depo prep, legal research and client discussion relating to the original deposition date because the Court ordered the deposition to be retaken, so this work was not "wasted." And Defendants object to reimbursement for preparing the application for

attorneys' fees and argue that Plaintiffs should not be reimbursed for any fees relating to the hiring of the private investigator.

"When awarding an attorney's fee, the '[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of the courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.'" Oden v. Vilsack, No. 10-00212-KD-M, 2013 WL 4046456, at *4 (S.D. Ala., Aug. 9, 2013) (quoting Am. Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999)). Here, performance of this duty is complicated by Plaintiffs' failure to tender sufficient billing records showing how much time was spent on which task. Instead of contemporaneous records, Plaintiffs offer categories of work and a total amount of hours expended. Without knowing how much time was spent on each task, the Court cannot evaluate whether the time was reasonable.[2]

The Court is, itself, "an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Norman, 836 F.2d 1303 (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)). In finding that Plaintiffs could have fees for the aborted deposition, the Court intended that Defendant reimburse Plaintiffs for the attorney's fees incurred due to his misconduct. That reasonably includes fees for a day out of the office (8 hours), a reasonable amount of time spent on motion practice (4 hours total), and time spent on discussion with the

---

[2] Mr. Salzman states that he has reviewed the matter and in his opinion, the hourly rates, number of hours and amount of attorneys' fees set forth in the declaration are reasonable, not duplicative and were reasonably and necessarily incurred on behalf of Plaintiffs in connection with this action (Doc. 72-3, ¶6). It is worth noting that Mr. Salzman reviewed "detailed invoices showing the time and billing entries of Plaintiffs' counsel," as well as counsel's biographical information (Doc. 72-3). Oddly, these records were not provided to the Court.

private investigator and opposing counsel (2 hours).[3] Although both Ms. Crider and Ms. Mazanetz attended the ill-fated deposition, reimbursement for both attorneys is not shown to be reasonable. As Ms. Crider is the primary attorney for Plaintiffs, she is allowed her fees for the day. And as she is the only counsel for Plaintiffs to have filed papers regarding this discovery dispute (Docs. 57, 59, 68, 72), she is allowed the full four hours for motions. As Plaintiffs have itemized none of Ms. Mazanetz' time, an award of one hour for client communication and consultation with Ms. Crider is all that is appropriate on this record.

As for rates, the only biographical information provided is for Mr. Salzman (Doc. 72-3 at 5). Insufficient information is provided with respect to the <u>Johnson</u> factors. While the Court would be justified in reducing the claimed rates considerably due to this inadequate showing, the Court has reviewed the publicly available biographies of Plaintiffs' counsel on the website of The Florida Bar, and the firm's website,[4] and agrees with Mr. Salzman that the claimed rates are reasonable for attorneys with similar experience working on similar matters in this community. Thus, the Court calculates the lodestar:

Ms. Crider: 13 hours at $300 per hour = $3900.00

Ms. Mazanetz: 1 hour at $350 per hour = $350.00

TOTAL $4,250.00 in attorneys' fees.

Costs

Plaintiffs claim $7,833.69 in costs, including:

1) $665.00 for videographer/transcript costs

---

[3] I find the hiring of a private investigator was reasonably necessary under the circumstances presented. Reimbursement of time spent seeking fees is also recoverable here.

[4] https://www.bcnlawfirm.com/our-attorneys/

2) $1,500.00 as expert witness fee for Mr. Salzman

3) $20.58 in unidentified copies

4) $270.00 for the interpreter

5) $1,495.31 for two rooms at the Ritz Carlton, New York City

6) $1,827.80 for the use of the Ritz Carlton conference room

7) $2,055.00 for the Private Investigator fee

The videographer/court reporter charges are recoverable and reasonable, as are the costs for the interpreter. The Court also finds it reasonable to award the fees for the private investigator. Although Defendant claims this was unnecessary, his lack of candor in cancelling the deposition at the last minute on vague and unsupported grounds belies this contention.

The copy charge may have been for facsimiles. As Plaintiffs' counsel moved to compel Defendant's appearance on February 9th while she was in New York, the Court will allow this charge. Defendants' objections to Mr. Salzman's fee are overruled. Such expert witness fees are reasonable and customary in a sanctions context. The Court does however, agree with Defendant that Plaintiffs are not entitled to reimbursement of the hotel charges and fees for use of the Ritz Carlton conference room. Although the Court has determined that lodging costs for the night are appropriate and (as Defendant admits) New York City is an expensive place to stay, Plaintiffs are only entitled to reimbursement of *reasonable* costs *necessarily* incurred. While it was necessary for Plaintiffs' counsel to stay in a hotel overnight, it was unnecessary to stay at the Ritz (at $773.47 a night).[5] Defense counsel has attached the invoice for his New York City hotel stay, which shows

---

[5] This is not to say that it was inappropriate for counsel to stay at this property. If the client is paying and has no issues with the expense, it is not the business of the Court to police the lodging preferences of counsel. Such preferences, however, are not entitled to deference in a fee shifting context.

he paid $221.14 for his stay on February 9th, 2018. Considering this, and the Court's own experience, it finds $250 to be a reasonable amount for a one night stay.[6] As for the conference room charge, a room was available at the court reporters office for no charge (Doc. 77 at 4). Therefore, the Court disallows the conference room charge. Costs in the total amount of **$4,760.58** are reasonable.

Now, the motion is **GRANTED, in part.** Attorneys' fees of $4,250.00 and $4,760.58 in costs are awarded to Plaintiffs and taxed against Defendant Javier Del Hoyo. In all other respects, the motion is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on April 4, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record

---

[6] As the Court finds that only Ms. Crider's presence was reasonable and necessary for the deposition, it has disallowed reimbursement for the charge for Ms. Mazanetz' room.