UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VISTA CLINICAL DIAGNOSTICS, LLC
and DAVIAN SANTANA,

    Plaintiffs,

v.                              Case No:  6:17-cv-1491-Orl-41TBS

PETAR MARKOVIC and JAVIER DEL
HOYO,

    Defendants.
_____

## REPORT AND RECOMMENDATION

    The matter comes before the Court on review of Defendants' Objections to Plaintiffs' Revised Bill of Costs (Doc. 95). Following entry of an Order and Permanent Injunction in their favor, Plaintiffs filed a motion for attorney's fees and costs (Doc. 88).[1] The motion was referred to me and I issued a Report and Recommendation that no attorney's fees be granted, and, as for costs, that the motion be denied, without prejudice to filing a fully supported Bill of Costs consistent with 28 U.S.C. §1920 (Doc. 92).[2] Shortly thereafter, Plaintiffs filed a Revised Bill of Costs (Doc. 94). Defendant's Objections to the Revised Bill followed (Doc. 95) and Plaintiffs have filed a response (Doc. 97). The matter is now ripe for review.

    Pursuant to Federal Rule of Civil Procedure 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." See FED. R. CIV. P. 54(d)(1). "Usually the litigant in whose

---

[1] The Order and Permanent Injunction directed the parties to confer regarding attorneys' fees and costs and, "[i]f the parties are unable to agree, Plaintiff shall file a motion for attorneys' fees and costs on or before May 31, 2018." (Doc. 84, ¶ 5).
[2] That recommendation is pending.

favor judgment is rendered is the prevailing party for purposes of rule 54(d)." Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995).

Under Title 28 U.S.C. §1920, a court may award the following as costs:

(1) Fees of the clerk and marshal;
(2) Fees for printed and electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. A court may not award costs in excess of those authorized by statute as "federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920." Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 445, 107 S. Ct. 2494, 2499, 96 L. Ed. 2d 385 (1987).

Here, Plaintiffs are the prevailing party and are entitled to recover costs. Defendants object, however, to certain claimed expenses itemized below.

*Federal Express*

Defendants object to the charge of $8.29 for expedited shipping charges, contending that such is not within the scope of allowable expenses. Plaintiffs fail to address this contention in their response. On review, the objection should be **sustained** and the charge for $8.29 should be **disallowed.**

*Service of Process*

Plaintiffs claim costs in the amount of $1,925.83 for "Service of Summons and Subpoenas." Defendants assert that the cost should be disallowed as Plaintiffs used private process servers and not the United States Marshal. Defendants also argue that, if

allowed, the cost should be reduced to the extent they were incurred after Defendants filed their Notice of Stipulation to Judgment or were for the deposition of Javier Del Hoyo, Jr., a witness not necessary to the case. Plaintiffs counter that "[f]ees for private process servers may be taxed under section 1920(1) so long as they do not exceed the fees authorized by section 1921," citing Beach-Mathura v. Am. Airlines, Inc., 571 F. App'x 810, 812-13 (11th Cir. 2014). While Plaintiffs are correct, the Court cannot find that the $1,925.83 charged is within the parameters of § 1921.

The Court may tax as costs fees of the United States Marshals as listed in 28 U.S.C. § 1921(a), including, among other things: 1) fees for service of process (28 U.S.C. § 1921(a)(1)(A));  2) fees for serving a subpoena or summons for a witness (28 U.S.C. § 1921(a)(1)(B));  3) fees for "necessary travel" for service of process (28 U.S.C. § 1921(a)(1) (G)); and, 4) fees for overtime expenses incurred while serving process (28 U.S.C. § 1921(a)(1)(H)). Section 1921 also states that the "Attorney General shall from time to time prescribe by regulation the fees to be taxed and collected under [§ 1921(a)]." 28 U.S.C. § 1921(b). Per regulation:

> (a) The United States Marshals Service shall routinely collect fees according to the following schedule:
>
> For process forwarded for service from one U.S. Marshals Service Office or suboffice to another–$8 per item forwarded;
>
> (2) For process served by mail–$8 per item mailed;
>
> (3) For process served or executed personally–$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses. For each additional U.S. Marshals Service employee, agent, or contractor who is needed to serve process–$65 per person per hour for each item served, plus travel costs and any other out-of-pocket expenses.
>
> (4) For copies at the request of any party–$.10 per page;

\* \* \*

28 C.F.R. § 0.114.

The Revised Bill includes numerous charges that appear to exceed what would be comparable. For example, several invoices from Accurate Serve of Ocala include charges for "Rush Nationwide" ($200) and Printing at $0.15 a page. (Doc. 94-1, pp. 5-7, 29). Even if rush charges were not included, service was had at $125, compared to the marshal's cost of $65, plus (perhaps) an $8 charge for forwarding the papers to the appropriate suboffice (Doc. 94-1 at 12, 14). Plaintiffs also seek reimbursement for "skip trace," a service that is not shown to be within the statute (Doc. 94-1 at 14, 16). Although Plaintiffs argue that it is Defendants job to demonstrate the fees charged are excessive, that is not so. Plaintiffs have the burden of establishing that the costs they seek are appropriate. As they have not done so, despite my earlier direction to file a "fully supported" Bill of Costs, it is recommended that the objection be **sustained in part**, and the charges for service of process be reduced to $365.00 (five persons at $65 service plus $8 forwarding each).[3]

*Fees for transcripts*

Plaintiffs claim $6,666.30 for transcripts (Doc. 94). They have included in this figure all charges relating to court reporters, including transcripts, videography, and attendance fees. Plaintiffs paid Diamond Reporting $1,295.00 for attendance at the deposition of Howard Ross, $995.00 for attendance at the deposition of Petar Markovic, and $557.50 for attendance at the deposition of Frank Palombo. In addition, Plaintiffs paid Diamond Reporting $840.00 for attendance at the depositions of Javier Del Hoyo, Sr. and Javier Del Hoyo, Jr. The total costs incurred by Plaintiffs for court reporter and

---

[3] The Court cannot find, on this showing, that more than one service fee per party or witness is appropriately taxed.

videographer services at the depositions is $3,687.50. The remainder of the costs paid to Diamond Reporting, as well as the costs paid to Suzanne Trimble, Koretta Stanford, and Diane Peede are related to either deposition or hearing transcripts and all were ordered after Defendants filed their Notice of Stipulation to Judgment. Defendants assert that these transcripts were not necessarily obtained for use in the case.

"Where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 620-21 (11th Cir. 2000), quoting Goodwall Const. Co. v. Beers Const. Co., 824 F.Supp. 1044, 1066 (N.D.Ga.1992), aff'd, 991 F.2d 751 (Fed.Cir.1993). "The question of whether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially necessarily obtained for use in the case." Id., citing Newman v. A.E. Staley Mfg. Co., 648 F.2d 330, 337 (5th Cir. Unit B 1981) (quoting § 1920(2)). Defendants' Notice of Stipulation to Judgment did not end this case. After the Notice was filed, the district judge held two status conferences and entered a permanent injunction (Docs. 65, 83-84). There was also a motion for reconsideration and three motions for attorney's fees that were filed and briefed (Docs. 63, 72, 86, 88). Given the history of this action, the costs for deposition transcripts are appropriate. The hearing transcripts, too, were reasonably necessary and should be allowed. This objection should be **overruled.**

*Interpreter*

Defendants object to the charge of $270.00 for an interpreter to assist at the deposition of Mr. Del Hoyo, Sr. As this was provided pursuant to defense counsel's request, the objection should be **overruled.**

- 5 -

## Recommendation

For the foregoing reasons, it is **respectfully recommended** that the following be taxed as costs:

(1) Fees of the Clerk: $400

(2) Fees for service of summons and subpoena: $365

(3) Fees for transcripts: $6,666.30

(4) Copies: $43.20

(5) Interpreters: $540.00

For a total of $8,014.50.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on August 7, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

  Presiding United States District Judge
  Counsel of Record
  Any Unrepresented Parties